JOHN CRAYTON AND OTHERS V. M. C. HAMILTON AND OTHERS.

1. An instrument for the conveyance of land lying in G. county was made in 1837, and in 1846 was proved up for record by a subscribing witness before the county clerk of T. county, and soon afterwards was recorded in G. county, where the land lay. In 1871, a certified copy from the records of G. county being offered in evidence, it was objected to on the ground that it was never legally proved up for record, inasmuch as a county clerk had no authority in 1846 to take such proof, when the land was situate in a different county. *Held*, that the healing act of February 9th, 1860, legalized the registration of the instrument, and therefore the objection was properly overruled. (Paschal's Digest, Article 5021.)

2. A transcript from the records of an United States District Court sitting in bankruptcy, though authenticated by the certificate of the clerk alone, is admissible in State courts as *prima facie* evidence of the matters therein stated; and when such a transcript recited that the Register in Bankruptcy had assigned the bankrupt's property to the assignee, that recital was sufficient evidence of the assignment when no demand was made

for the production of the assignment itself, and when objection for want of the assignment itself was not made in the court below.

3. In an action for the recovery of an undivided interest in land, and also for partition, there was judgment for the plaintiff; and the court below, without any commission of partition, decreed to plaintiff a particular part of the land by metes and bounds; which is assigned as error. But it was in proof that, long before the commencement of the suit, the defendant and the vendor of the plaintiff agreed to the same division made by the decree, and it is not proved or pretended that the part decreed to the plaintiff is more valuable than the rest; and defendant failed to move the court below for a new trial, or otherwise to afford it an opportunity to correct its decree in the respect now complained of: in view of all which, *held*, that there is no such error as can be corrected by this court.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

A full account of the parties, pleadings, proceedings, and facts of this case would require a lengthy, detailed statement. Such a statement, however, is not called for to explain the rulings made in the opinion. In the head-notes and the opinion will be found all the facts at all pertinent to the rulings.

No brief for the appellants has been furnished to the reporter.

*F. W. Chandler* and *James B. Morris*, for the appellees, filed an elaborate and able argument.

OGDEN, J. The question of the proper registration of the title bond or deed from Wm. Pettus, the original grantee, to N. M. Newson, we think, has been undoubtedly settled by the Act of 5th of February, 1841, and the Act of 9th of February, 1860, known as the enabling or healing statute, and the repeated decisions of this and other courts upon statutes of the like character; so that we now feel fully authorized to pronounce the deed referred to as duly registered for all purposes of evidence, under the registration act. And we are of the

opinion that, so far as the questions arising in this suit are concerned, it is wholly immaterial whether that instrument be regarded as an absolute deed or a bond for title, as in either event it was clearly admissible in evidence, to prove the transaction between Pettus and Newson.

We are unable to appreciate the force of the objection to the reading in evidence the transcript from the District Court of the United States for the middle district of Tennessee, since that appears to be a literal compliance with the 38th Section of the Bankrupt Law of 1867, which declares that " copies of such " records, duly certified under the seal of the court, shall in " all cases be *prima facie* evidence of the facts therein stated." And Section 14th of the Act clearly indicates, that such certificate may be made by the clerk of the court. And this transcript under the law, is *prima facie* evidence of the matters therein stated. They establish the fact, that P. B. Calhoun was adjudged a bankrupt; that R. C. Sanders was appointed assignee of said bankrupt's estate; that he accepted the trust; and further, that the Register assigned all the property of the bankrupt to said Sanders. These orders were signed by the Register, and properly certified to by the clerk, and, without evidence proving the contrary, must be held conclusive of the facts stated.

We wish not to be understood as deciding that no deed of assignment was necessary to vest in the assignee a title to the property assigned, nor that the production of such deed would not be necessary if demanded at the proper time and place, in order to sustain a claim founded on that assignment. But a party may waive the production of the deed, and by his own acts become estopped from denying that there is such an instrument, or that it is full and ample to convey all rights claimed under it. And we think the appellants in the case at bar come into this court estopped from raising any question in regard to that deed from the Register to the assignee. They remained quiet in the court below, and permitted the transcript from the records of the bankrupt court to establish the pre-

sumption, not only of the order of assignment, but also of the execution of the deed of assignment, without an objection as to the non-production of the deed; and now we think they should not be heard to raise that question, for the first time, here. It is true that they objected in the lower court to the introduction of the transcript, which certified that the assignment had been made, but when their exceptions in that particular were overruled, they appear to have surrendered the contest, and permitted the deed to appellee, which was founded upon that assignment, to be read in evidence without objection, upon the presumption raised by the transcript, under the law, that the assignment had been sufficiently established; and having failed to present their objections, in this respect, specifically and definitively to the court below, that the errors, if any, might be corrected there, we think they should not be heard in an appellate court, upon questions from the decision of which they have not appealed.

The decree of the lower court, in defining the specific boundaries of the land adjudged to the plaintiff, without a commission for partition, may have been erroneous; but as it is in proof that both plaintiff's vendor and defendant, many years ago, agreed to the specific division made by the judgment of the court; and as there is no claim that this particular land is more valuable than any other portion of the two leagues in which appellees claim to have an undivided interest; and as there is no complaint of this portion of the judgment of the lower court, because it will work an injury to any one; and, particularly, as there was no motion for a new trial by the appellant, so that the District Court might have had an opportunity for correcting any error in the judgment there rendered, we are without both the power and inclination to disturb that judgment, and it is affirmed.

Affirmed.